# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| SALLY DOE, ON BEHALF OF HER MINOR CHILD, SALLY DOE #2 | ) ) ) |
| PLAINTIFF, | ) ) ) |
| V. | ) Case No. _____ ) |
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE D/B/A METROPOLITAN NASHVILLE PUBLIC SCHOOLS, | ) ) ) ) ) ) ) |
| DEFENDANT. | ) |

## COMPLAINT

Comes Plaintiff, Sally Doe #1, on behalf of her minor child Sally Doe #2, and brings this cause of action against Defendant, the Metropolitan Government of Nashville and Davidson County, Tennessee D/B/A Metropolitan Nashville Public Schools for violations of Title IX of the Education Amendments of 1972, 20 U.S.C. §§1681 *et seq*. and violations of 42 U.S.C. § 1983.

## PARTIES

1. Sally Doe #1[1] is the mother and custodial parent of Sally Doe #2 and is a resident of Davidson County, Tennessee.

---

[1] The names of the Plaintiffs have been withheld due to the sensitive nature of the subject matter of this action. Instead, Plaintiffs' pseudonyms have been used pursuant to Fed. R. Civ. P. 5.2(a)(3). While the parents are not minors, their names have also been withheld to protect the identity of the minor child. The identities of the Plaintiffs will be provided to Defendant's attorney upon request.

1

2. Sally Doe #2 is a minor child in the custody of Sally Doe #1 and is a resident of Davidson County, Tennessee. At the time of the events described herein, Sally Doe #2 was a 15-year-old student in the ninth grade at Hunters Lane High School.

3. Metropolitan Government of Nashville Davidson County Tennessee D/B/A Metropolitan Nashville Public Schools is a governmental entity receiving state and federal funds to operate the Metropolitan Nashville Public School System (hereinafter "Defendant").

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. §§1681 *et seq*., and 42 U.S.C. §1983.

5. Jurisdiction over the Defendant is proper as Defendant, through its school board, operates the public schools for Davidson County, Tennessee, including Hunters Lane High School. Defendant receives state and federal funding to operate Hunters Lane High School and is therefore subject to Title IX of the Education Amendments of 1972, 20 U.S.C. §1681(a) and 42 U.S.C. §1983.

6. Venue is proper in that the acts complained of occurred in the Middle District of Tennessee, namely in Nashville, Tennessee at Hunters Lane High School.

## FACTS

DEFENDANT'S OBLIGATIONS UNDER TITLE IX AND §1983

7. Defendant has an obligation under Title IX and the U.S. Constitution to prevent the exclusion of female students from educational opportunities in the public school system due to sexual harassment and violence. The United States Department of Education's Office for Civil

Rights ("OCR") has issued guidance documents to Defendant, including "Dear Colleague" letters, which explain a school's obligations and responsibilities under Title IX. This guidance also applies to a §1983 claim for equal protection in education based on gender.

8. In particular, the guidance issued by the OCR includes a school's obligation to do the following:

   a. Appoint and train a Title IX coordinator and provide visibility to students and parents of the availability of such coordinator.

   b. Adopt, publish, and provide notice to students and parents of grievance procedures providing for the prompt and equitable resolution of student sex discrimination complaints.

   c. Independently investigate complaints of sexual harassment or violence, apart from any separate criminal investigation by local police.

   d. Establish appropriate disciplinary policies that do not have a chilling effect on victims' or other students' reporting of sexual harassment.

   e. Notify the complainant of his or her options to avoid contact with the alleged perpetrator(s) and allow the complainant to change academic and extracurricular activities.

   f. Take proactive measures to eliminate a hostile environment and prevent recurrence of any sexual harassment or violence.

   g. Provide age-appropriate training regarding Title IX, including training on the school's process for handling complaints.

9. At all times relevant hereto, Defendant was fully aware of its obligations under Title IX, as the OCR documents were linked on the website of Metro Nashville Public Schools,

under the general heading of Policies and Procedures. These documents are attached as Exhibits 1-4.

10. Additionally, Defendant had further notice of its obligations under Title IX as Defendant was previously sued in the case of *Lopez v. Metropolitan Government of Nashville and Davidson County*, Case No. 3:07-CV-799, Middle District of Tennessee, Nashville Division, for which a consent decree was entered in 2010.

NOTICE OF HOSTILE SEXUAL ENVIRONMENT

11. Prior to the incident at issue, the administration of Hunters Lane High School was aware that students would engage in inappropriate behavior, including intimate interactions in common areas of the school if left unsupervised.

12. Furthermore, the administration of Hunters Lane High School was aware that the activity of videotaping sexual acts, unbeknownst to the female student involved, had previously occurred in the Nashville public school system and at Hunters Lane High School.

13. The practice of videotaping sexual acts was so widespread within the Defendant's school system that the students nicknamed the activity "exposing" the female victim, who was thereafter ridiculed as a "slut" or "whore" as the videotape circulated within the school and on the internet.

14. Accordingly, the Defendant was fully aware that such conduct was occurring and would likely reoccur within its school system, and specifically at Hunters Lane High School, absent intervention by the school system.

15. The training provided by Defendant to its employees was either inadequate, or completely nonexistent, based on the failure of the Defendant to address the system-wide

4

prevalence of sexual harassment and bullying, known as "exposing," that was occurring within its school system.

17. The inadequacy, or nonexistence, of such training was the result of the Defendant's deliberate indifference to the rights of its female students because the foreseeable consequence of such inadequacy was a violation of students' rights to educational opportunities.

17. The OCR's "Dear Colleague" letter of April 4, 2011 states that during the 2007-2008 school year alone, there were 800 reported incidents of rape or attempted rape and 3,800 reported incidents of sexual batteries at public high schools. See Exhibit 3. Defendant knew or should have known of these statistics as it was a recipient of the April 4 letter. Based on such statistics, it is foreseeable that the failure to train school staff on the proper handling of sexual assault claims and/or harassment and/or cyber-bullying could result in the creation of a hostile environment for female students and thus violate a student's rights.

DESCRIPTION OF OCCURENCE

18. On or about late March of 2017, Sally Doe #2 was taken into the men's bathroom at Hunter's Lane High School and was subjected to unwelcome and/or pressured sexual contact by a male student.

19. The incident was videotaped on the phone of the male student involved without the knowledge of Sally Doe #2.

20. The videotape was then released to other students and to the public without the knowledge or consent of Sally Doe #2.

21. The administration of Hunters Lane High School was aware of the risk that sexual behavior, welcome or unwelcome, might occur if students were allowed to be in unattended and unsupervised areas of the school.

5

22. The administration of Hunters Lane High School became aware of the incident involving Sally Doe #2 on April 5, 2017 when Sally Doe #1 notified the principal and the SRO officer at the school.

23. The school's administration failed to provide any assistance and merely suggested that the parents file a police report.

24. The parents were not informed of any disciplinary action or investigation that would be instituted by the school.

25. Even though the school administration was aware that students were circulating the videotape, such students were not effectively disciplined to prevent this type of activity from occurring and continuing. The administration did not expel or substantially punish any of the individuals involved in the sexual conduct, the videotaping, or in the circulation of the involved video to the school and to the public at large.

26. After the incident, a police report was filed; however, the school administration never conducted an independent investigation as required by Title IX. Instead, the administration deferred to the criminal investigation, which has a much higher threshold than a Title IX violation.

27. According to the "Dear Colleague" letter of April 24, 2015, attached hereto as Exhibit 4, Defendant is required to (1) notify students and employees of the name and contact information of the Title IX coordinator, (2) include complete and current information about the coordinator on its website. However, a named Title IX coordinator is not listed on Defendant's website, and Plaintiffs were never informed of Title IX requirements, nor put in touch with a Title IX coordinator.

28. Defendant failed to adequately educate and inform the students at Hunters Lane High School of the requirements of Title IX, failed to prevent the creation of a hostile sexual environment, and failed to adequately assist those who were sexually harassed or assaulted.

29. Defendant further failed to adequately educate, warn, and properly discipline students who engaged in sexual harassment and/or sexual cyber bullying to sufficiently discourage the activity perpetrated on Sally Doe #2

30. The administration of Hunters Lane High School was aware that Sally Doe #2 was subjected to the sexual activity and that the video was being disseminated; however, the administration provided no assurance to her parents that it would not or could not happen again. In fact, no plan was discussed to prevent the activity from occurring. The administration treated the incident as a normal occurrence and sent Sally Doe #2 back to class.

31. The administration of Hunters Lane High School failed to adequately address the issues of harassment and cyber bullying, thereby preventing female students from obtaining an equal education in a safe environment.

32. Sally Doe #2 was forced to withdraw from school due to the severe harassment and physical threats she received as a result of the circulation of the videotape. Sally Doe #2 was unable to complete the semester at Hunters Lane High School due to the failure of the administration to address the safety concerns of her parents.

33. Upon information and belief, the videotape of the incident continues to circulate in the Defendant's school system and on the internet.

34. Sally Doe #2 is aware that the videotape of the incident continues to circulate in the Defendant's school system and on the internet, causing Sally Doe #2 severe emotional distress.

35. Sally Doe #2 requires present and future medical care as a result of the physical and mental trauma from both the incident itself and the school's response to the reported incident.

36. Sally Doe #2's injuries were closely related to or actually caused by the Defendant's failure to comply with Title IX by failing to adequately train its employees to prevent such sexual harassment in the first instance and, if occurring, to investigate and mitigate ongoing harassment.

37. If the administration of Hunters Lane High School had been properly trained to comply with Title IX and had followed its requirements by conducting an independent investigation, adequately disciplining the students involved, taking effective steps to prevent the creation of a hostile environment in the first place, by properly addressing the widespread practice of "exposing," and taking necessary measures to curtail the circulation of the video after the incident, Sally Doe #2 would not have suffered the injuries endured.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF TITLE IX *BEFORE* INCIDENT

38. Plaintiff asserts that the conduct set forth above, in paragraphs 1-37, constitutes a violation of Title IX of the Education Act of 1972, 20 U.S.C.§1681(a) *et seq*.

39. Plaintiff asserts that Defendant failed to comply with Title IX through deliberate indifference and the clearly unreasonable acts and omissions that created a hostile sexual environment to female students *before* the instance of unwelcome sexual conduct to Sally Doe #2

40. Defendant failed to comply with Title IX *before* the incident at issue occurred by:

    a. Failing to adequately train its employees of the requirements of Title IX.

    b. Failing to educate students about Title IX.

    c. Failing to inform students of the ramifications for engaging in conduct that

violated Title IX.

   d. Permitting inappropriate sexual conduct between students to occur in the presence of school staff.

   e. Creating an environment that enabled sexual conduct to occur by allowing stairways to remain unsupervised.

   f. Failing to take appropriate action to address and curtail the system-wide practice of "exposing" individuals through malicious harassment and bullying, even though the Defendant was fully aware that such activity was occurring in its school system.

   g. Failing to adequately discipline students engaged in behavior that creates a discriminatory and hostile environment for female students.

   h. Failing to educate, warn, and discipline students for recording and circulating videos of sexual acts involving other students.

41. Had the Defendant complied with Title IX before the incident occurred, the complained of harassment and/or unwelcome sexual activity would have been prevented.

## COUNT II – VIOLATION OF TITLE IX *AFTER* INCIDENT

42. Plaintiff asserts that the conduct set forth above, in paragraphs 1-37, constitutes a violation of Title IX of the Education Act of 1972, 20 U.S.C.§1681(a) *et seq*.

43. Sally Doe #2 was subjected to student-on-student sex-based harassment, that was so severe, pervasive, and objectively offensive that it created a hostile educational environment and deprived Sally Doe #2 of educational opportunities and benefits provided by the school.

9

44. Plaintiff alleges that Defendant had actual knowledge of (1) the sexual assault and (2) the continuing harassment, but failed to promptly and appropriately respond, instead acting with deliberate indifference.

45. Defendant's policies discourage sexual assault victims from coming forward and have a disparate impact on female students, further demonstrating deliberate indifference.

46. Plaintiff asserts that Defendant failed to comply with Title IX through deliberate indifference and a clearly unreasonable response *after* unwelcome sexual conduct occurred that created an environment of continued harassment.

47. Defendant violated Title IX *after* the incident at issue occurred by:

    a. Failing to inform Plaintiff of the requirements of Title IX.

    b. Failing to inform Plaintiff of the existence of a Title IX coordinator.

    c. Failing to conduct a Title IX investigation separate and apart from the criminal investigation.

    d. Failing to assure Sally Doe #2 the behavior would not reoccur.

    e. Failing to adequately punish the students who engaged in the unwelcome sexual activity.

    f. Failing to adequately punish the students who recorded and circulated the videotape of the unwelcome sexual activity.

    g. Failing to adequately punish or deter all students from circulating the videotape of the sexual activity.

    h. Failing to exercise control over the alleged harassment.

    i. Failing to take adequate steps to allow the Plaintiff to complete her education in a safe environment free of sexual harassment and ridicule.

j.  Failing to prepare or implement a plan to permit Sally Doe #2 to return to the public school system without fear of ongoing harassment and ridicule.

48. Compliance with Title IX after the incident occurred would have prevented the continued harassment and ridicule, which ultimately resulted in the inability of Sally Doe #2 to remain in school.

## COUNT III – VIOLATION OF 42 U.S.C. § 1983 FAILURE TO TRAIN

49. Plaintiff asserts that the conduct set forth above, in paragraphs 1-37, constitutes a violation of 42 U.S.C. § 1983, which resulted in the inability of Sally Doe #2 to remain in school.

50. Plaintiff asserts that the Defendant violated the equal protection clause of the Fourteenth Amendment of the U.S. Constitution by failing to train its employees on the proper handling of complaints of sexual assault and harassment.

51. The training provided by Defendant to its employees was either inadequate, or completely nonexistent, based on the failure of the Defendant to address the system-wide prevalence of known severe, pervasive, and objectively offensive sexual harassment and bullying, known as "exposing," that was occurring within its school system.

52. The training provided by Defendant to its employees was either inadequate, or completely nonexistent, based on the utter failure of the Hunters Lane High School administration to comply with Title IX requirements in response to the incident involving Sally Doe #2.

53. The inadequacy, or nonexistence, of such training was the result of the Defendant's deliberate indifference to the rights of its female students because the foreseeable consequence of such inadequacy was a violation of students' equal protection rights.

54. Based on the statistics contained in the OCR's April 4, 2011 letter, as outlined in paragraph 17 above, of which Defendants were on notice, it is foreseeable that the failure to train

11

school staff on the proper handling of sexual assault claims could result in the creation of a hostile environment for female students and thus violate a student's equal protection rights.

55. Sally Doe #2's injuries were closely related to or actually caused by the Defendant's failure to adequately train its employees.

56. If the principal and administration of Hunters Lane High School had been properly trained to comply with Title IX, and had followed its requirements by conducting an independent investigation, adequately disciplining the students involved, taking effective steps to prevent the creation of a hostile environment in the first place by properly addressing the widespread practice of "exposing," and taking necessary measures to curtail the circulation of the video after the incident, Sally Doe #2. would not have suffered the injuries endured.

**COUNT IV – VIOLATION OF 42 U.S.C. § 1983 DELIBERATE INDIFFERENCE TO ONGOING HARASSMENT**

57. Plaintiff asserts that the conduct set forth above, in paragraphs 1-37, constitutes a violation of 42 U.S.C. § 1983.

58. Plaintiff asserts that the Defendant violated the equal protection clause of the Fourteenth Amendment of the U.S. Constitution by its inadequate response to the incident and its deliberate indifference to the ongoing harassment, which resulted in the inability of Sally Doe #2 to remain in school.

**DAMAGES**

59. As a result of the Defendant's acts and omissions as set forth above, Sally Doe #2 has suffered both physical and emotional injuries, including severe humiliation, embarrassment, loss of enjoyment of life, and loss of educational opportunity.

60. Plaintiffs therefore seeks damages for past and future medical expenses, past and future pain and suffering, past and future emotional injuries, including severe humiliation and embarrassment, past and future loss of enjoyment of life, past and future loss of educational opportunity, and all other damages available for violations of Title IX and 42 U.S.C. § 1983, including punitive damages to deter future noncompliance.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. That process issue requiring Defendant to answer within the time provided by law;

2. An award of all damages available under Title IX, including but not limited to, payment of Sally Doe #2's expenses incurred as a consequence of the Title IX violations, damages for deprivation of equal access to the educational benefits and opportunities provided by the Defendant, and damages for past, present, and future physical and emotional pain and suffering, ongoing and severe mental anguish, and loss of past, present, and future enjoyment of life, in the amount of $3,000,000.00;

3. An award of punitive damages pursuant to 42 U.S.C. § 1983.

4. Injunctive relief requiring Defendant to comply with the requirements of Title IX as outlined in the OCR's "Dear Colleague" letters, attached as Exhibits 1-4 to the original Complaint.

5. Reasonable attorney's fees pursuant to 42 U.S.C. §1988 (b) and/or other statutory authority;

6. Such further relief that this Court deems proper to enforce Title IX in the Nashville Metropolitan Public-School District.

Respectfully Submitted,


_s/ Stephen Crofford_____
Stephen Crofford #12039
Mary Parker #6016
**PARKER AND CROFFORD**
1230 2nd Ave. S.
Nashville, TN 37210
615-244-2445
stephencrofford@msn.com
mparker@parker-crofford.com

Attorneys for Plaintiff