IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| SALLY DOE, ON BEHALF OF HER MINOR CHILD, SALLY DOE #2 ) ) ) PLAINTIFFS, ) ) V. ) ) METROPOLITAN GOVERNMENT ) OF NASHVILLE AND DAVIDSON ) COUNTY, TENNESSEE D/B/A ) METROPOLITAN NASHVILLE ) PUBLIC SCHOOLS, ) ) DEFENDANT. ) | Case No. 3:17-CV-1209<br><br>Judge Trauger<br><br>Jury Demand |

## INITIAL CASE MANAGEMENT ORDER

A. JURISDICTION: This court has jurisdiction pursuant to Title IX of the Education Amendments of 1972, 20 U.S. C. §§1681 *et seq*., and 42 U.S.C. §1983. Jurisdiction and venue are not disputed.

B. BRIEF THEORIES OF THE PARTIES:

1) Plaintiffs: Sally Doe is the mother of the minor female student, Sally Doe #2, who was taken into the men's bathroom and subjected to unwelcome and/or pressured sexual contact by a male student at Hunters Lane High School. She was videotaped without her knowledge or consent. The video was then released in an act of "exposing" Sally Doe #2. This was reported to the school administration who failed to follow the Title IX regulations provided to the school system in the Dear Colleague letters sent to the school. The failure to follow the regulations and guidance provided led to continuing harassment of Sally Doe #2 as the video circulated in the school and drove Sally Doe #2 from school. The Plaintiffs theory includes a "before" theory for

1

failing to train discipline and educate students and employees to prevent the harassment from occurring and an "after" claim for failing to act to prevent the ongoing harassment and injury due to the circulating video and harassment. Plaintiff has sued under both Title IX and §1983. This is a repeated and ongoing problem that is systematic in metro schools.

2) Defendant: The Metropolitan Government conducted a thorough investigation of this incident, including interviewing Plaintiff and taking statements from several witnesses. At the conclusion of the investigation, Hunters Lane administration determined that Plaintiff voluntarily entered the boys' bathroom and engaged in consensual kissing with a male student. There was no mention of a video. Title IX is not applicable to this set of facts and, to the extent it is, Title IX was not violated. Nor was 42 U.S.C. § 1983. Metro therefore, adopts and incorporates into this theory its affirmative defenses set forth in its answer.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability, damages, and injunctive relief.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **December 1, 2017**. The Parties shall provide copies of all documents in their possession that are listed on their Disclosures to the other Party, and supplement any that subsequently come in to their possession.

F. DISCOVERY: The parties shall complete all written discovery on or before **July 6, 2018**. Discovery is not stayed during dispositive motions or other motions, unless ordered by the Court. All party and fact witness depositions shall be completed on or before **August 2, 2018.** No motions concerning discovery are to be filed until after the parties have spoken in a good faith effort to resolve any dispute(s) unable to resolve their differences, have scheduled and

2

participated in a conference telephone call with Judge Trauger. All discovery-related motions shall be filed no later than **September 6, 2018**.

G. MOTIONS TO AMEND OR TO ADD PARTIES: Any motions to amend or to add parties shall be filed by no later than **January 5, 2018.**

H. DISCLOSURE OF EXPERTS: Plaintiff shall identify and disclose all expert witnesses and expert reports on or before **May 1, 2018**. The defendant shall identify and disclose all expert witnesses and reports on or before **June 1, 2018.** Plaintiff's expert shall file any rebuttal report within 30 days of defendant disclosing their expert report.

I. DEPOSITIONS OF EXPERT WITNESSES: All expert witnesses shall be deposed no later than **August 2, 2018**.

J. CASE RESOLUTION PLAN AND JOINT ADR REPORTS: The parties shall engage in an initial attempt to settle this case with a private mediator within 120 days from the initial case management conference, on or before **February 28, 2018**. Within 15 days of the mediation the parties will report the result of the mediation if a report has not been filed by the mediator. If the matter has not resolved a joint report shall be filed no later than 60 days prior to the deadline for filing dispositive motions, on or before **July 2, 2018**, to inform the Court if a second attempt at mediation is requested.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before **September 3, 2018**. Responses to dispositive motion shall be filed within 20 days. Briefs shall not exceed 20 pages. Optional replies may be filed within 10 days after the filing of the response and shall not exceed five pages. No motion for partial summary judgment shall be filed except upon leave of Court. Any party wishing to file such a motion shall first file a separate motion

that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense of the parties, counsel and the Court.

L. ELECTRONIC DISCOVERY: The parties anticipate reaching an agreement on how to conduct electronic discovery. Administrative order No. 174 therefore need not apply to this case. However, in the absence of an agreement, the default standards of administrative order No.174 will apply.

P. ESTIMATED TRIAL TIME: The jury trial of this action is expected to last approximately three to four days.

It is so ORDERED.

ENTER this 15th day of November 2017.

_____
ALETA A. TRAUGER
U.S. District Judge

Alex.Dickerson@nashville.gov
Phylinda.Ramsey@nashville.gov
*Attorneys for Defendant Metropolitan Government of Nashville and Davidson County*